UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GILLIAN B. LOYA, et al.,

    Plaintiffs,

v.

STARWOOD HOTELS & RESORTS, et al.,

    Defendants.

No. C06-815P

ORDER DENYING
MOTION TO REMAND

This matter comes before the Court on a motion to remand filed by Defendants PADI Worldwide Corp. and PADI Americas, Inc. (collectively, "PADI"). (Dkt. No. 16). The Court has reviewed PADI's motion, Defendant Starwood's opposition, and PADI's reply to this motion, as well as all declarations submitted in support of the parties' positions. Having considered the matter before it, the Court hereby DENIES the request for remand because the motion was untimely.

**Analysis**

PADI has filed a motion to remand this case to state court on the grounds that removal was defective because PADI, as co-defendant, did not consent to the removal. Defendant Starwood argues first that PADI Americas did not need to join in the removal because it was not properly served with process. Second, Starwood contends that even if the removal was defective, PADI's motion to remand was untimely.

ORDER - 1

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of filing the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). PADI claims that the 1447(c) clock should start running on the day the removal became defective, rather than the day the notice of removal was filed. PADI cites one district court case from Tennessee to support its position. "The thirty-day removal deadline within section 1446(b) begins when the first defendant is served with a complaint. In contrast, Section 1447(c)'s thirty-day deadline for filing for remand on the basis of a defect in removal procedure begins the day on which the removal is filed, or, if there is no removal defect on the day that the notice is filed, the deadline is counted from the day that the defect occurs." Winners Corp v. Lafayette Life Ins. Co., 734 F. Supp. 812, 815 (M.D. Tenn.1989). The removal procedure allegedly became "defective" on June 22, 2006, the deadline on which all defendants were required to join in the removal. Therefore, if the Court considers the clock to have started running on June 22, rather than on June 12 when the notice of removal was filed, PADI had until July 22, 2006 to file the motion to remand. However, in consideration of Fed. R. Civ. P. 6(a) which states that Saturdays are not included as end-dates for time periods, PADI claims its July 24, 2006 filing is timely.

Although this argument is logical, there is scant support other than a single case from a different jurisdiction. The Ninth Circuit has explicitly held that "§1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal..." Northern Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995). The court justified this statement by adding, "[t]he purpose of the 30-day time limit is 'to resolve the choice of forum at the early stages of litigation,' and to 'prevent the shuffling [of] cases between state and federal courts after the first thirty days.'" Id. The Court agrees with the Ninth Circuit's reasoning. Furthermore, the Court chooses to follow a plain language reading of the statute. Therefore, the Court finds that PADI had until July 12 to file a motion to remand on the basis of defective removal. Because PADI did not file its motion to remand until July 24, the motion is untimely and the Court DENIES PADI's motion to remand the case to state court.

ORDER - 2

The Clerk is directed to send copies of this order to all counsel of record.

Dated this 31st day of August, 2006.

                                            s/Marsha J. Pechman
                                            Marsha J. Pechman
                                            United States District Judge

ORDER - 3