THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GILLIAN B. LOYA, as Personal Representative of the Estate of RICARDO LOYA, deceased, and as Litigation Guardian Ad Litem for I. Loya and G. Loya, the surviving minor children of the decedent, RICARDO D. LOYA,<br><br>Plaintiffs,<br><br>v.<br><br>STARWOOD HOTEL AND RESORTS, et. al.<br><br>Defendants. | Case No. C06-0815 MJP<br><br>**MOTION FOR SANCTIONS**<br><br>**NOTE ON MOTION DOCKET: MARCH 30, 2007** |

## I. RELIEF REQUESTED

Plaintiffs Loya move for an order of default against defendant Raintree Resorts, International (RRI) for failure to make discovery in violation of this Court's order. Alternatively, plaintiffs Loya move that RRI's jurisdictional and venue defenses be rejected as a sanction for RRI's failure to make discovery in violation of this Court's order.

## II. FACTUAL BACKGROUND

This is a wrongful death action. Defendant RRI has filed a motion to dismiss contending that this Court does not have personal jurisdiction over it and that this Court is

MOTION FOR SANCTION    -1-

*STAFNE LAW FIRM*
17207 155th Avenue N.E.
Arlington, Washington 98223
(360) 403-8700   (206) 467-0701

not an appropriate action for this venue. This Court ordered plaintiffs be allowed to conduct jurisdictional discovery.

Part of plaintiffs' claims regarding jurisdiction involve the assertion that RRI was acting as the "alter ego" of its subsidiaries. *See e.g. Morgan Bros. Inc. v. Haskell Corp.*, 24 Wash. App. 773, 604 P.2d 1294 (1979)[1]; *Standard Fire Insurance Co. v. Blakeslee*, 54 Wash. App. 1, 771 P.2d 1172 (1989)[2].

Plaintiffs Loya properly served discovery requests on RRI which were designed to elicit facts regarding, among other things, plaintiffs' "alter ego" arguments relating to jurisdiction. These requests were served on December 6, 2006 (Interrogatories). Responses were due 30 days from the date of service.

### III. PROCEDURAL HISTORY

On September 27, 2006, defendant RRI moved to dismiss the Loyas' claim based on a lack of personal jurisdiction and venue. *See* Redacted Motion to Dismiss, Docket # 87. The Loyas filed a response and declarations opposing this motion. *See* Redacted Pleading documents 104. In ruling on RRI's motion this Court held:

> This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 25-1). Having reviewed the parties' briefing, as well as all pertinent documents and exhibits, the Court concludes that Plaintiffs should have additional time for discovery in order to establish a more complete record on the issue of whether the Court has personal jurisdiction

---

[1] In Morgan the Court stated:

> An overt intent to disregard the corporate entity will not be implied from the presence of common directors, shareholders, or business address alone. ... Where, however, other facts are present, such as evidence of serious confusion about the manner and capacity in which a parent and subsidiary or their respective representatives are acting, the court may be justified in disregarding the corporation.

[2] In Standard Fire Insurance the Court stated:

> Application of the alter ego doctrine to attribute to a corporation the acts of its officers and directors does not, contrary to appellant's assertion, result in disregard of the corporate entity. When the doctrine is applied to impute to the corporation the act of the individual, it is merely an acknowledgment that an individual who dominates and controls a corporation by necessity acts with the implied knowledge, consent and ratification of that corporation

MOTION FOR SANCTION    -2-

*STAFNE LAW FIRM*
17207 155th Avenue N.E.
Arlington, Washington 98223
(360) 403-8700   (206) 467-0701

over Defendant Raintree Resorts International. The Court grants a discovery period of 45 days from the date of this order. Upon the completion of discovery, the Court will revisit Defendants' motion to dismiss. (Docket No. 42)

Plaintiffs Loya filed discovery requests against RRI on in December 2006. To date, RRI has not responded to these requests. Stafne declaration. Counsel for RRI and the Loyas held a conference regarding RRI's failure to make discovery. Id. During that conference counsel for RRI promised to have discovery response to plaintiffs' counsel on Thursday, March 8, 2007. Id. Notwithstanding this promise, defendant RRI has failed to make discovery. Id. Plaintiffs Loya's counsel have sent RRI's counsel several emails regarding this situation; but RRI still refused to make good faith discovery. Id.

As can be seen, plaintiffs Loya have complied with the requirements of LR 37 and defendant has not complied with FRCP 26, FRCP 33, and FRCP 37.

## IV.  ISSUES

Should Plaintiffs' Motion for default against defendant RRI be granted as a discovery sanction where RRI has refused to comply with this Court's order regarding jurisdictional discovery?;

Should Plaintiffs' Motion for an adjudication of the personal jurisdiction and venue claims against defendant RRI be granted as a discovery sanction where RRI has refused to comply with this Court's order regarding jurisdictional discovery?;

Should terms should be awarded against defendant?

## V.  EVIDENCE RELIED UPON

1.   Declaration of Scott E. Stafne;

2.   Stafne's Certificate of Compliance;

3.   Plaintiff's emails regarding outstanding discovery;

4.   Defendant's emails regarding outstanding discovery;

5.   Outstanding discovery requests.

ARGUMENT:

MOTION FOR SANCTION    -3-

*STAFNE LAW FIRM*
17207 155th Avenue N.E.
Arlington, Washington 98223
(360) 403-8700   (206) 467-0701

Discovery is available in federal court to establish the presence of personal jurisdiction. see, e.g., *Butcher's Union Local No. 498, United Food & Comm'l Workers v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) ("Discovery should ordinarily be granted where pertinent facts bearing on the question of [personal] jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.' ")  As previously noted, this Court ordered plaintiffs be allowed to take jurisdictional discovery.

A.) DEFAULT AS A DISCOVERY SANCTION.

The Ninth Circuit uses a five-part "test" to determine whether a dismissal sanction is just. *See e.g. Valley Engineers v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998). The five parts of this test include:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring Disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

The Ninth Circuit has said that where a court order is violated, factors 1 and 2 support case dispositive sanctions; *i.e.* default.  Factors 3, 4, and 5 often support the imposition of less  drastic sanctions *Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). In *Adriana* the Court of Appeals noted that factor 5 involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal. *Malone v. United States Postal Service*, 833 F.2d 128, 132 (9th Cir. 1987).  But despite all this elaboration of factors, the Ninth Circuit has said that it is not always necessary for the court to impose less serious sanctions first, or to give any

MOTION FOR SANCTION    -4-

*STAFNE LAW FIRM*
17207 155th Avenue N.E.
Arlington, Washington 98223
(360) 403-8700   (206) 467-0701

explicit warning. *Adriana*, 913 F.2d at 1413; *See also Valley Engineers v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998).

The Ninth Circuit has recognized that what is critical with regard to "case dispositive" sanctions is whether the discovery violations "threaten to interfere with the rightful decision of the case." *Adriana*, 913 F.2d at 1412. Dismissal is appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995).

"There is no point to a lawsuit, if it merely applies law to lies." Where a district court believes a party's discovery violations make it impossible for the court to be confident that the parties will ever have access to the true facts a case dispositive sanction is appropriate. *See e.g. Valley Engineers v. Electric Engineering Co.*, 158 F.3d 1051 (9th Cir. 1998).

In this case, RRI has filed declarations in support of its motion to dismiss for lack of jurisdiction and venue which are odds with facts that have been testified to. COMPARE e.g.: Tucker's declaration and supplemental declaration in support of RRI's motion to dismiss with his deposition testimony attached to Stafne's declaration in support of plaintiffs' motion for partial summary judgment re jurisdiction pursuant to RCW 64.36.

RRI's violation of this Court's discovery order meets the five tests for imposing a case dispositive sanction. First, the Washington legislature has made clear that Washington's regulation of time share operations like those involved in this case by RRI affects the public interest. RCW 64.36. Second, this Court's need to manage its own

MOTION FOR SANCTION   -5-

*STAFNE LAW FIRM*
17207 155th Avenue N.E.
Arlington, Washington 98223
(360) 403-8700  (206) 467-0701

docket so as to prevent any party from asserting a non-meritorious lack of personal jurisdiction claim which the party is not prepared to back up by making appropriate discovery. Third, RRI's refusal to disclose jurisdictional evidence a few weeks before summary judgment on this issue is akin to requiring the Loyas to proceed to a trial without disclosure of relevant facts. Even if disclosure is made tomorrow RRI will have precluded the plaintiffs' ability to test the disclosures through additional discovery. Fourth, the policy favoring disposition of cases on the merits does not apply here as RRI has attempted to prevent such a disposition by factual misrepresentations and failing to make discovery. Finally, the only less drastic sanction which would make plaintiff whole under these circumstances would be for this Court to strike RRI's personal jurisdiction and venue defenses.

### B.) ADVERSE FACTUAL FINDINGS REGRADING JURISDICTION AND VENUE AS A DISCOVERY SANCTION.

In *Gibson v. Chrysler Corporation*, 261 F.3d 927 (9th Cir. 2001) the Court of Appeals stated:

> It is true that an appropriate discovery sanction for refusing to respond to discovery requests on jurisdictional facts can be an adverse finding on the factual issue. For example, in Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982), the Supreme Court sustained a sanction that found the facts necessary to establish personal jurisdiction over a recalcitrant defendant. Although we have not found a case directly on point, we see no reason why a court cannot, in an appropriate case, sanction a defendant who refuses to respond to appropriate discovery requests on a fact relevant to subject matter jurisdiction by entering an order establishing that fact as true.
>
> Subject matter jurisdiction cannot be established by consent of the parties, and a lack of subject matter jurisdiction is a non-waivable defect. See, e.g., Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 377 n. 21 (1978). But a sanction in the form of an adverse factual finding rests on neither consent nor waiver. Rather, it rests on the reasonable assumption that the

1  party resisting discovery is doing so because the information sought is unfavorable to its interest. In such a case, the sanction merely serves as a mechanism for establishing facts that are being improperly hidden by the party resisting discovery. See Fed. R. Civ. P. 26(g)(3), 37(b)(2)(A); Chilcutt v. United States, 4 F.3d 1313, 1324 (5th Cir. 1993).

Here, RRI's failure to produce discovery about the ownership and control of its various subsidiaries should be seen for what it is; an attempt to hide facts from this Court and the plaintiffs. This Court should not sanction RRI's attempt at an end run around the judicial process. This Court should hold that this Court has jurisdiction over RRI and venue over the plaintiffs' claims against RRI.

Respectfully Submitted,


By  S/Scott E. Stafne

Scott E. Stafne
WSBA #6964
17207 155th Avenue, N.E.
Arlington, Washington 98223
(360) 403-8700
Attorney for Plaintiffs



By  S/Martin D. Fox

Martin D. Fox
WSBA #996
2033 Sixth Avenue, Suite 800
Seattle, Washington 98121
(206) 728-0588
Attorney for Plaintiffs