UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GILLIAN B. LOYA, et al.,

    Plaintiffs,

  v.

STARWOOD HOTELS & RESORTS et al.,

    Defendants.

No. C06-0815MJP

ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS

This matter comes before the Court on Plaintiffs' Motion for Sanctions against Defendant Raintree Resorts International ("Raintree") for failure to respond to Plaintiffs' discovery requests. (Dkt. No. 116.) Having considered the papers submitted by the parties, the Court GRANTS IN PART Plaintiffs' motion for sanctions. Defendant Raintree must respond to Plaintiffs' discovery requests within seven (7) days of this order and must pay Plaintiffs for the cost of bringing this motion.

**Background**

This is a wrongful death action. Plaintiff Gillian Loya's husband died while scuba diving off the coast of Mexico during a vacation in which Mr. Loya and his wife were registered guests at Club Regina, a time-share in Los Cabos, Baja California Sur, Mexico. Plaintiff, a Washington resident brought suit in this Court against numerous defendants, including Raintree. In September 2006, Raintree moved to dismiss on personal jurisdiction grounds. (Dkt. No. 25.) The Court did not rule on the merits of the motion, but on November 30, 2006, granted a discovery period of 45 days for

ORDER - 1

Plaintiffs to conduct jurisdictional discovery. (Dkt. No. 42.) In a subsequent order, the Court extended the time for jurisdictional discovery through January 31, 2007. (Dkt. No. 45.)

Plaintiffs propounded interrogatories and requests for production on Raintree on December 6, 2006. When Raintree did not respond, Plaintiffs communicated with defense counsel by phone and email in an effort to obtain the discovery. (Stafne Decl. ¶ 4.) Although Defendants promised responses to the discovery requests over email, (Stafne Decl., Ex. 2) Raintree did not provide the responses and on March 14, 2007, Plaintiffs moved for sanctions. (Dkt. No. 116.) On March 19, 2007, Raintree filed a notice with the Court that it was not going to renew its motion to dismiss on personal jurisdiction grounds. (Dkt. No. 124.) In addition, in response to the motion for sanctions, Raintree asserted that the written discovery propounded by Plaintiffs is now moot. (Resp. at 2.) In their reply, Plaintiffs assert that the issue is <u>not</u> moot.

During this discovery dispute, on March 1, Plaintiffs moved for partial summary judgment against Raintree on the issues of (1) personal jurisdiction, (2) venue, and (3) whether Raintree violated the Washington Consumer Protection Act ("WCPA") when it contested personal jurisdiction in this matter. (Dkt. No. 68.) Several defendants have cross-moved for summary judgment, arguing that the case should be dismissed on *forum non conveniens* grounds. (Dkt. No. 117.) Plaintiffs maintain that their discovery requests are not moot because they relate to Plaintiffs' venue and WCPA claims, and to the question of whether the corporate veil between Raintree and its subsidiaries should be pierced.

Plaintiffs have moved for sanctions, specifically, an order of default against Raintree. Alternatively, Plaintiffs request that the Court reject Raintree's jurisdictional and venue defenses.

**Discussion**

Under Fed. R. Civ. P. 37(d), the Court may impose sanctions on a party who fails to serve answers or objections to interrogatories submitted under Rule 33. The Court "may make such orders in regard to the failure as are just," including those actions authorized in subsections (A)–(C) of Rule 37(b)(2). Plaintiffs are not required to move to compel prior to moving for sanctions. Wright &

1 Miller, Federal Practice & Procedure § 2291 (2d 1994) ("No court order is required to bring Rule
2 37(d) into play.").

3      Raintree has violated the federal rules and sanctions are warranted. Under Fed. R. Civ. P. 33,
4 answers to interrogatories are due within thirty days of service. Here, more than ninety days after
5 service, Raintree still had not responded to the interrogatories or requests for production. Only after
6 Plaintiffs brought their motion for sanctions did Raintree notify Plaintiffs that it was not renewing its
7 motion to dismiss on personal jurisdiction grounds. Raintree then asserted that the discovery requests
8 were moot. But a party cannot unilaterally decide not to answer discovery requests based on its
9 decision that the request is moot. If Raintree thought that the requests were no longer relevant, it
10 should have formally objected to the discovery requests, rather than unilaterally choosing to ignore
11 them.

12      Plaintiffs seek the sanction of default, and alternatively request that the Court reject Raintree's
13 jurisdictional and venue defenses. Those extreme sanctions are not warranted at this time. But the
14 Court has broad discretion to craft appropriate sanctions. An appropriate sanction is for Raintree to
15 pay Plaintiffs their costs in bringing this motion.

16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

ORDER - 3

It is therefore ORDERED:

(1) The Court accepts Raintree's withdrawal of its motion to dismiss based on lack of personal jurisdiction. (<u>See</u> Dkt. No. 124.) Raintree will not contest personal jurisdiction in this case.

(2) Raintree must fully respond to Plaintiffs' discovery requests within seven (7) calendar days of this order.

(3) Raintree must pay Plaintiffs for the cost of bringing this motion. Plaintiffs' counsel shall file a declaration with the Court that details their time spent on this motion and their hourly rate. The Court will then issue a separate order requiring Raintree to pay these attorneys' fees.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: April 18th, 2007.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge

ORDER - 4